IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FRED DOZIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:08-CV-762-WHA |
| | ) | [WO] |
| | ) | |
| JUDGE PRICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Fred Dozier

["Dozier"], a convicted inmate presently confined in the Montgomery County Detention

Facility.  In this complaint, Dozier challenges the validity of a 2008 indictment issued

against him by a Montgomery County, Alabama grand jury for trafficking in marijuana.[1]

Dozier further argues his constitutional rights have been violated during criminal

proceedings before the Circuit Court of Montgomery County, Alabama in which he entered

a guilty plea based on the charge contained in the indictment.  Finally, Dozier attacks the

constitutionality of his confinement pursuant to his conviction under the challenged

indictment.

Dozier names Charles Price, the state judge presiding over his criminal proceedings,

Eleanor Brooks, the district attorney for Montgomery County, Alabama, Charles Law, the

---

[1] Dozier contends the grand jury did not hear his case or issue an indictment against him.

attorney initially appointed to represent him, Michael Kidd, the attorney who represented him during the guilty plea proceedings, and D. T. Marshall, the sheriff of Montgomery County, Alabama, as defendants in this cause of action. Dozier seeks declaratory relief, monetary damages and his release from confinement. *Plaintiff's Complaint - Court Doc. No. 1* at 5.

Upon review of the allegations contained in the complaint, the court concludes that this case is due to be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[2]

## I. DISCUSSION

### A. The Claims Against Judge Charles Price and Sheriff D. T. Marshall

1. <u>The Request for Monetary Damages Against Judge Price</u>. Dozier complains Judge Price allowed his trafficking in marijuana case to proceed through the criminal process despite the alleged illegal indictment. *Plaintiff's Complaint - Court Doc. No. 1* at 5. It is clear the allegations made by Dozier against Judge Price emanate from actions taken by this defendant in his judicial capacity during state court proceedings over which he has jurisdiction. The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484

---

[2]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th

Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978).  Accordingly, Dozier's claims for

monetary damages against Judge Price are "based on an indisputably meritless legal

theory" and are therefore due to be summarily dismissed under the provisions of 28 U.S.C.

§ 1915(e)(2)(B)(i) and (iii).  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[3]

2.  <u>The Request for Monetary Damages Against Sheriff D. T. Marshall</u>.  Dozier's

incarceration in the Montgomery County Detention Facility initially resulted from his

indictment for trafficking in marijuana but is now based on his conviction for a criminal

offense.  Neither the indictment nor the subsequent conviction has been invalidated and,

hence, defendant Marshall cannot be held liable for monetary damages regarding such

incarceration as he has at all times acted pursuant to an order issued by a state court.

3.  <u>The Request for Declaratory Relief</u>.  To the extent Dozier seeks declaratory relief

from adverse decisions issued by Judge Price in the state criminal proceedings over which

this defendant presided, this court lacks jurisdiction to render such judgment in an action

filed pursuant to 42 U.S.C. § 1983.  "The *Rooker-Feldman* doctrine prevents ... lower

federal courts from exercising jurisdiction over cases brought by 'state-court losers'

challenging 'state-court judgments rendered before the district court proceedings

commenced.' *Exxon Mobil Corp. V. Saudi Basic Industries Corp*., 544 U.S. 280, 284, 125

---

[3]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006).  Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Dozier from proceeding before this court as this case is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'  544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464, 125 S.Ct. at 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.").  Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court.  *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of Dozier's request for declaratory relief with respect to actions undertaken during proceedings related to the plaintiff's indictment by the grand jury and/or conviction before the Circuit Court of Montgomery County, Alabama upon his guilty plea for a controlled substance offense is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, 490 U.S. 319.

4

### B.  The Claims Against Eleanor Brooks

Dozier maintains the district attorney, Eleanor Brooks, violated his constitutional rights by allowing his case to proceed on the challenged indictment.  It is clear from the complaint that the claims made against defendant Brooks emanate from this defendant's representation of the State during criminal proceedings before the Circuit Court of Montgomery County, Alabama.

"A prosecutor is entitled to absolute immunity for all actions he takes while performing [her] function as an advocate for the government.  *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615-16, 125 L.Ed.2d 209 (1993).  The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424, 96 S.Ct. 984, 992, 47 L.Ed.2d 128 (1976), and all appearances before the court, including examining witnesses and presenting evidence.  *See Burns v. Reed*, 500 U.S. 478, 492, 111 S.Ct. 1934, 1942 (1991)."  *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998).

> [A]bsolute immunity is an entitlement to be free from suit for money damages....  [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions.  To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the other burdens attendant to litigation, including pretrial discovery....  In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that a prosecutor is absolutely immune from civil suit for damages under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case."  *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11th Cir. 1988).

The actions of defendant Brooks about which the plaintiff complains have been undertaken by this defendant in her role "as an 'advocate' for the state" and such actions "are intimately associated with the judicial phase of the criminal process." *Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998) (citations omitted).  Defendant Brooks is therefore "entitled to absolute immunity for that conduct." *Id.*  Thus, Dozier's request for damages against Eleanor Brooks lacks an arguable basis and, as such, is subject to dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke*, 490 U.S. at 327.  As previously determined, Dozier is not entitled to declaratory relief for any adverse action taken during the state court proceedings related to his conviction by the Circuit Court of Montgomery County, Alabama.

## C.  The Claims Against Charles Law and Michael Kidd

Dozier complains that Charles Law and Michael Kidd, attorneys assigned to represent him in his state criminal case, failed to provide him effective assistance. *Plaintiff's Complaint - Court Doc. No. 1* at 3.  Specifically, Dozier complains Kidd coerced the guilty plea by promising he would receive probation.  *Plaintiff's Amendment to the Complaint - Court Doc. No. 7* at 1-2.

An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the constitutional violation about which the plaintiff complains. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143

L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "***both*** an alleged constitutional deprivation ... ***and*** that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50, 119 S.Ct. at 985 (emphasis in original). An attorney who represents a defendant in criminal proceedings does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and ... are not subject to suit under section 1983."). Since the conduct about which Dozier complains was not committed by a person acting under color of state law, the § 1983 claims asserted against Charles Law and Michael Kidd are frivolous as they lack an arguable basis in law. *Neitzke*, 490 U.S. at 327. The claims against defendants Law and Kidd are therefore due to be summarily dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### D.  The Conspiracy Claim

Dozier makes the specious allegation that the adverse actions about which he complains are the result of a conspiracy among the defendants. *Plaintiff's Amendment to the Complaint - Court Doc. No. 7* at 2. ("[B]eing the fact of what happened ... [the defendants] are guilty of conspiring against me ... by knowingly and willingly having me plea guilty to an illegal indictment."). A conspiracy claim justifiably may be dismissed

because of the conclusory, vague and general nature of the allegations.  *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984).  The court has carefully reviewed the instant complaint, as amended.  At best, the assertions made by Dozier are self serving, purely conclusory allegations that fail to assert those material facts necessary to establish the existence of a conspiracy between the defendants.  *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988) (to properly state a claim for relief based on a conspiracy, a plaintiff must plead that the offending parties "reached an understanding" to deny the plaintiff his constitutional rights); *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (merely "stringing together" acts, without showing parties "reached an understanding" to violate plaintiff's rights, is insufficient to demonstrate the existence of a conspiracy).  Other than his suppositious allegation, Dozier presents nothing, nor can this court countenance any evidence, which would indicate that the defendants entered into a conspiracy to deprive Dozier of his constitutional rights.  In light of the foregoing, the court concludes that Dozier's bare allegation of a conspiracy among the defendants is insufficient to support a claim for relief under 42 U.S.C. § 1983.  *Harvey*, 949 F.2d at 1133; *Fullman*, 739 F.2d at 556-557.

### E.  The Challenges to Plaintiff's Conviction

Dozier attacks the validity of the conviction and sentence imposed upon him by the Circuit Court of Montgomery County, Alabama.  Specifically, Dozier complains:  (i) the indictment made the basis for such conviction is invalid; (ii) counsel provided ineffective

assistance; (iii) counsel coerced his guilty plea; and (iv) the guilty plea is not knowing as the sentence imposed is not the sentence plaintiff believed he would receive. The aforementioned claims go to the fundamental legality of Dozier's conviction and resulting sentence. Consequently, these claims provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must thisefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, ... that necessarily imply the invalidity of the

punishment imposed, is not cognizable under § 1983 ...” unless the prisoner can demonstrate that the challenged action has previously been invalidated.  520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when “the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment.”  *Id.* at 645.  The Court reiterated the position previously taken in *Heck* that the “sole remedy in federal court” for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus.  *Balisok*, 520 U.S. at 645.  Additionally, the Court “reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed.”  *Id.* at 649.

The claims presented in the instant complaint challenge the constitutionality of a conviction and sentence imposed upon Dozier by the Circuit Court of Montomgery County, Alabama.  A judgment in favor of Dozier on these claims would necessarily imply the invalidity of this conviction and sentence.  It is clear from the complaint that the conviction and sentence about which Dozier complains have not been invalidated in an appropriate proceeding.  Consequently, the instant collateral attack on the conviction and sentence imposed upon Dozier is prohibited and subject to summary dismissal by this court pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).  *Balisok*, 520 U.S. at 645; *Heck*, 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490.

## II.  CONCLUSION

10

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against Charles Price, D. T. Marshall, Eleanor Brooks, Charles Law and Michael Kidd be DISMISSED with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

2.  The plaintiff's challenge to the constitutionality of the conviction and sentence imposed upon him by the Circuit Court of Montgomery County, Alabama for a controlled substance offense be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time.

3.  This case be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

It is further

ORDERED that on or before October 14, 2008 the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 30th day of September, 2008.


_____/s/   Wallace Capel, Jr._____
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE